IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VERONICA O'NEAL,

                   Plaintiff,

                   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                   Defendant.

No. 5:14-cv-121 (MTT) (CHW)

Social Security Appeal

## REPORT AND RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Veronica O'Neal's application for benefits. Because the Commissioner's decision is based on the application of proper legal standards and is supported by substantial evidence, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

Plaintiff claims to suffer from degenerative disc disease and a herniated cervical disc, bilateral carpal tunnel syndrome, arthritis in her left hand, and low back pain as a result of lumbar spinal stenosis and arthritic facets at L4-L5. Plaintiff filed applications for Title II and Title XVI benefits in October 2008, alleging an onset date of September 16, 2008, but her applications were denied initially and on reconsideration, (R. 84-91, 96-103), and a reviewing ALJ determined that Plaintiff was "not disabled" on October 26, 2010. (R. 53-73). The Appeals Council denied review in Plaintiff's case on March 23,

2012, (R. 25), and Plaintiff now seeks review before this Court, arguing that the Commissioner's decision was not supported by substantial evidence because the ALJ improperly rejected the opinion of a treating physician. Doc. 11, p. 4, 14-19. Because the record shows that the Commissioner's decision was supported by substantial evidence pursuant to the correct legal standards, it is recommended that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISAIBLITY

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011).

## DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 16, 2008. R. 58. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "severe degenerative disc disease (cervical and lumbar), chronic obstructive pulmonary disease (COPD) with tobacco abuse, carpal tunnel syndrome (CTS), and anxious moods." *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments

meeting or equaling one of the listed impairments. R. 59. Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> [L]ight work . . . with the following exceptions: she must have an option to sit/stand at 30-minute intervals if desired. She can balance, stoop, kneel, crouch, or crawl occasionally. She can climb ramps and stairs occasionally. She should avoid all work involving ladders, ropes or scaffolds. She should avoid all work involving concentrated exposure to pulmonary irritants. She should avoid all work involving constant handling or fingering. She should have no more than simple work that is neither complex nor complicated, with occasional social interaction but nothing so involved as mentoring, assigning work, or sustained customer service.

R. 60.

At step four, the ALJ found that Plaintiff could not perform any of her past relevant work. R. 71. At step five, though, the ALJ found that Plaintiff could make an adjustment to "other work." R. 74. Specifically, the ALJ determined that Plaintiff could perform the requirements of representative occupations like "Mail Clerk," "Sorter" and "Automatic Packer," given the Plaintiff's RFC, age, education, and work experience. R. 71-72. Therefore, the ALJ found Plaintiff "not disabled" within the meaning of the Social Security Act.

## ANALYSIS

The sole issue raised on appeal is whether the ALJ erred by rejecting the disabling limitations found in the medical opinion of Dr. Branam, Plaintiff's treating psychiatrist. As discussed below, the record shows that the ALJ's consideration of Dr. Branam's

opinion was properly supported by substantial evidence within the record as a whole, and it is therefore recommended that the Commissioner's decision be affirmed.

"It is well-established that the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary." *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citations and internal quotations omitted). The ALJ may discount the treating physician's report where it is not accompanied by objective medical evidence, is wholly conclusory, or is contradicted by the physician's own record or other objective medical evidence. *Id.*; *see also Green v. Social Sec. Admin.*, 223 Fed. Appx. 915, 922–23 (11th Cir. 2007) (unpublished) (ALJ had good cause to devalue a treating physician's opinion where it was inconsistent with the objective medical evidence, as well as plaintiff's testimony). "When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the: (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence and explanation supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the pertinent medical issues; and (6) other factors that tend to support or contradict the opinion." *Weekley v. Commissioner of Soc. Sec.*, 486 Fed. App'x. 806, 808 (11th Cir. 2012) (unpublished) (citing 20 C.F.R. § 404.1527(c)). When an ALJ articulates specific reasons for declining to give a treating physician's opinion controlling weight, and the reasons are supported by substantial evidence, there is no reversible error. *See Forrester v. Commissioner of Social*

*Sec*., 455 Fed. App'x. 899, 902 (11th Cir. 2012) (unpublished) ("We have held that an ALJ does not need to give a treating physician's opinion considerable weight if evidence of the claimant's daily activities contradicts the opinion."). Indeed, an ALJ "may reject any medical opinion, if the evidence supports a contrary finding." *Id*. at 901. Although the ALJ must evaluate the treating physician's opinion "in light of the other evidence presented," "the ultimate determination of disability is reserved for the ALJ." *Green*, 223 Fed. App'x. at 923 (citing 20 C.F.R. §§ 404.1513, 404.1527, 404.1545).

The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. See, e.g., 20 C.F.R. § 404.1546(c).

The Plaintiff argues at length that the ALJ incorrectly discounted Dr. Branam's medical opinion as Plaintiff's treating psychiatrist. Doc. 11, p. 14-19. She states that the ALJ "failed to acknowledge the consistency between [Dr. Branam's] findings and his treatment notes." *Id.* at 15. She further points to specific findings of panic disorder and

major depressive disorder also diagnosed by examining psychologists, Dr. Robbins-Brinson and Dr. Meck, claiming that the ALJ "failed to acknowledge" these consistencies with Dr. Branam's medical opinion. *Id.* These assertions are not supported by the record.

The record indicates that the ALJ followed the Social Security Administration regulations in weighing medical opinions from Dr. Branam. As discussed above, the ALJ must weigh a treating physician's opinion based on six factors: "(1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence and explanation supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the pertinent medical issues; and (6) other factors that tend to support or contradict the opinion."

The ALJ discussed at length the opinion evidence in this case, particularly that of Dr. Branam. The ALJ began his analysis of Dr. Branam's treatment of Plaintiff by detailing an overview of the treatment relationship. R. 63. He discussed Plaintiff's initial diagnosis of "major depression, recurrent, severe, and panic disorder with agoraphopia," when she was admitted into a Partial Hospitalization Program under Dr. Branam's care. R. 63. The ALJ also discussed Plaintiff's improvement after she was discharged from the program, while still under Dr. Branam's treatment. R. 63.

The ALJ continued his analysis of Plaintiff's extensive medical history by discussing the psychological consultative evaluations performed by several medical professionals. In regards to this analysis, Plaintiff contends in her brief that the ALJ "must state the weight accorded to each item of evidence, and the reason for his

conclusion" and that "his failure to evaluate [Dr. Branam's] opinion alone justifies reversal." Doc. 11, p. 15. However, the Eleventh Circuit has held that as "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision … is not a broad rejection which is "'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (*quoting Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (internal quotation omitted)). As discussed below, it is clear from the ALJ's lengthy and well-reasoned decision that he properly rejected the disabling limitations found in Dr. Branam's medical opinion pursuant to Social Security Administration regulations.

After reviewing Plaintiff's extensive medical history, the ALJ first reviewed the psychological consultative evaluation performed by Dr. Robbins-Brinson, noting that Dr. Robbins-Brinson diagnosed Plaintiff with "major depressive disorder, single episode, without psychotic features; and panic disorder without agoraphobia." R. 64. The ALJ gave "great weight" to Dr. Robbins-Brinson's opinion where it was consistent with the longitudinal record. R. 64. Plaintiff reported to Dr. Robbins-Brinson that she was able to structure and execute her daily routine, attend to personal care tasks without assistance, complete household chores, manage her own bills and finances, drive, and attend church services twice a week. R. 64, 287. Further, Plaintiff "denied difficulty concentrating enough to follow television programs" R. 287. The ALJ considered this report when determining the weight to give Dr. Branam's opinion.

The ALJ also gave Dr. Meck's opinion "great weight" where it was consistent with the longitudinal record. R. 66. Dr. Meck diagnosed Plaintiff with "major depressive disorder, single episode, and panic disorder without agoraphobia." R. 67, 529. Plaintiff reported to Dr. Meck that she was able to bathe, change clothes, clean up, take care of four dogs, take her medications, and occasionally go out to eat with her boyfriend. R. 518. The ALJ found these diagnoses consistent with those of Dr. Robbins-Brinson, and inconsistent with those of Dr. Branam.

The ALJ gave Dr. Branam's opinion "substantial weight … where it [was] consistent with the longitudinal record." *Id.* at 66. The ALJ concurred with Dr. Branam's opinion that the Plaintiff "has moderate limitations regarding interactions with the public/supervisors/coworkers." However, the ALJ did not agree with Dr. Branam's opinion regarding the Plaintiff's ability to do work-related mental activities, as well as his diagnosis of panic disorder with agoraphobia, as these diagnoses were inconsistent with the longitudinal record and "highly suspect."  In making these determinations the ALJ weighed the opinion based on: " … (3) the medical evidence and explanation supporting the opinion; (4) consistency with the record as a whole; … and (6) other factors that tend to support or contradict the opinion." The ALJ cited to Plaintiff's testimony as reported by Dr. Robbins-Brinson that Plaintiff "drives, goes to the grocery store unaccompanied, shops with her daughter, goes out to eat with friends and family, and attends church services twice a week." R. 66, 325-26, 518. These reports support the ALJ's conclusion that Dr. Branam's opinion was inconsistent with the record as a whole.

Plaintiff asserts that "the ALJ failed to acknowledge that both examining psychologists, Dr. Robbins-Brinson and Dr. Meck also diagnosed [Plaintiff] with panic disorder or generalized anxiety disorder, and both found that she had similar disabling limitations in her ability to concentrate." Doc. 11, p. 15. In his opinion, however, the ALJ clearly acknowledged the diagnoses of both Dr. Robbins-Brinson and Dr. Meck, noting that they too diagnosed Plaintiff with panic disorder. R. 64, 67. Both Dr. Meck and Dr. Robbins-Brinson specifically diagnosed Plaintiff as having a panic disorder *without* agoraphobia, inconsistent with Dr. Branam's diagnosis of panic disorder with agoraphobia. R. 64, 67. These opinions show Dr. Branam's opinion inconsistent with other medical evidence and explanations supporting the opinion.

The ALJ also considered "other factors that tend to support or contradict [Dr. Branam's] opinion," most notably a third-party function report by Dorothy Watson, the Plaintiff's mother. Ms. Watson "asserted the [Plaintiff] goes shopping alone for approximately two hours at a time." R. 66. "Therefore," the ALJ concluded, "the aforementioned evidence justifies a conclusion that the [Plaintiff's] psychological capacity is less limiting than was concluded by Dr. Branam." R. 66.

Contrary to Plaintiff's assertions, it is clear from the ALJ's lengthy and well-reasoned decision that he properly rejected the disabling limitations found in Dr. Branam's medical opinion pursuant to Social Security Administration regulations and established case law, and that the Commissioner's decision should be affirmed.

## <u>CONCLUSION</u>

After a careful review of the evidence, it is **RECOMMENDED** that Plaintiff's case be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 2nd day of February, 2015.


s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge